# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:07-CR-18 (WLS) |
| FRANK RUSSELL McCOY, | : |
| Defendant. | : |

## **ORDER**

On September 11, 2013, the Court denied Defendant's Motion for Bond Pending Appeal. (Doc. 196.) In its Order, the Court stated that it was denying Defendant's Motion on the grounds that Defendant's change in circumstances, as it was known to the Court at the time, did not demonstrate by clear and convincing evidence that Defendant did not pose a danger to the community or a flight risk. (*Id.*) On September 12, 2013, counsel for Defendant filed a Motion for Reconsideration. (Doc. 197.) Therein, counsel stated that the Court's concerns regarding Defendant's circumstances were "misplaced" and that Defendant maintains a stable living environment that would allay any of the Court's concerns. (*Id.*)

In response to the Reconsideration Motion, the Court requested that United States Probation Officer Timothy Norgren provide a report for the Court's review regarding Defendant's personal circumstances. After reviewing the report and the findings therein, the Court finds that the evidence shows that Defendant's home is not in foreclosure and is habitable and that Defendant will have sufficient financial support while out on bond via his Social Security Income. Therefore, the Court finds that the

1

evidence demonstrates by clear and convincing evidence that Defendant is not a flight risk and does not pose a danger to the community.[1]

Flight risk and danger to the community are not, however, the only factors to consider under 18 U.S.C. 3143(b). When considering whether a defendant should be released pending appeal pursuant to § 3143(b), the Court is also required to consider whether the appeal is not for the purpose of delay and raises a "substantial question of law or fact . . . likely to result in reversal or an order for a new trial of *all* counts on which imprisonment has been imposed." The Eleventh Circuit defines a "substantial question" as "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). A "substantial question" is not limited to only a certain category of issues. *Id.* As such, "[w]hether a question is 'substantial' must be determined on a case-by-case basis." *Id.*

Here, Defendant's appeal concerns, *inter alia*, the contours of the Government's burden of proof in a case where a Defendant proffers expert evidence of the allegedly obscene materials' literary, artistic, political or scientific value, and the Government relies only on the materials themselves. While the Court denied Defendant's Rule 29 Motion for Judgment of Acquittal on this issue, the Court readily acknowledges that the issues raised therein are in no way frivolous and could indeed by decided the other way. No recent decision of the Court of Appeals or the United States Supreme Court squarely addressing a prosecution under 18 U.S.C. § 1462 for the kinds of materials existing in this case has been cited by the Parties or found by the Court. Accordingly, the Court finds Defendant's arguments regarding the evidentiary standards to be applied to

---

[1] Defendant has been compliant with all conditions of release without incident for approximately six years.

2

obscenity prosecutions to be sufficient to create a "substantial question" on appeal. Therefore, for the reasons stated herein, the Court finds that Defendant's Motion for Reconsideration (Doc. 197) is **GRANTED**, and as such, Defendant's Motion for Bond Pending Appeal (Doc. 194) is **GRANTED** as well. Defendant shall remain subject to the previous provisions of his Order of Release and shall also be prohibited from directly or indirectly possessing, using, or having access to the internet through any device or technology whatsoever. Prior to his release, Defendant shall execute any necessary documents related to his request and the Court's grant of bond.

**SO ORDERED** this  24th  day of September, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**