**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:07-CR-18 (WLS) |
| | : | |
| FRANK RUSSELL McCOY, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Presently pending before the Court is Defendant's Motion for Preliminary Revocation Hearing. (Doc. 221.) Defendant has filed the instant motion in connection with the Government's Petition for Action on Pretrial Release. (Doc. 213.) Per Defendant, Federal Rule of Criminal Procedure 32.1(b)(1) entitles him to a preliminary hearing to determine whether there is probable cause to believe that a violation has occurred. (*Id.* ¶¶ 8-9.) As the Government correctly notes, however, Rule 32.1 appears to only apply to "a person . . . in custody for violating a condition of *probation* or *supervised release.*" (Doc. 222 at 1.) Defendant is neither on probation nor supervised release; he is an individual who was initially granted bond pending appeal pursuant to 18 U.S.C. § 3143(b). As noted by United States Magistrate Judge Thomas Q. Langstaff, section 3143(b) creates no entitlement to a preliminary hearing. Therefore, Judge Langstaff did not err when he denied Defendant's request for a preliminary hearing. Accordingly, Defendant's Motion for Preliminary Revocation Hearing (Doc. 221) is **DENIED**.

Although the Court has denied Defendant's request for a preliminary hearing, the Court will hold an evidentiary hearing as part of its revocation determination. At this hearing, Defendant and his counsel will be permitted to present arguments and evidence as to why Defendant's appeal bond should not be revoked.[1] The Government will be permitted to present evidence and testimony as to the alleged violations of the conditions of Defendant's appeal bond and the factors under section 3143(b). Following the presentations from both Defendant and the Government, the Court will determine whether Defendant's appeal bond should be revoked. The hearing shall take place on **Friday, March 21, 2014, at 10:00 a.m.**

**SO ORDERED,** this  7th  day of March 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court recognizes that its prior order dated February 28, 2014, implied that Defendant had a right to a hearing that he could exercise. The Court is now making clear that while Defendant has demonstrated no statutory right to a hearing, the Court will nevertheless grant Defendant an opportunity to present evidence on the issue of whether his appeal bond should be revoked.